UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRAVIS B. SCOTT,

    Petitioner,

v.        Case No. 90-72347

KENNETH T. MCKEE,

        Honorable Julian Abele Cook, Jr.

    Respondent.

## ORDER

On January 4, 2008, the Petitioner, Travis B. Scott, acting without the benefit of an attorney, filed a motion in which he requested the Court to (1) "disregard [a previously filed] motion for rehearing due to [his] inadvertence of applying an incorrect court rule which would preclude this court from entertaining the motion on the merits," and (2) grant a "Certificate of Appealability" that would enable him to appeal an adverse decision of December 3, 2007.[1]

In addressing the first portion of Scott's motion, the Court will grant his request inasmuch as there appears to be no demonstrated prejudice to the Respondent, Kenneth T. McKee, in this cause of action. Accordingly, the Clerk of the Court is instructed to strike Scott's motion for a rehearing pursuant to his request.

Turning to the second portion of Scott's motion, he contends that the "denial of [his] . . .

---

[1] Scott had been sentenced in 1986 by the Wayne County Circuit Court of Michigan to (1) a life term of imprisonment following his conviction of first-degree murder, (2) a period of two years in prison for his felony firearm conviction, and (3) a prison term of twenty to eighty years arising out of his assault conviction.

motion and the constitutional violations therein, [*sic*] denied [him] a 'fair adjudication' of the legality of his detention under the laws of the United States Constitution." As a condition to submitting a challenge of the efficacy of an order, an aggrieved petitioner - such as Scott - must seek and obtain a "Certificate of Appealability," as required by 28 U.S.C. § 2253 and Rule 22(b) of the Federal Rules of Appellate Procedure.[2] This statute reads, in pertinent part, as follows:

> (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--
>     . . . .
>     (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

In 2000, the Supreme Court held that "[w]here a district court has rejected the constitutional claim on the merits, the showing required to satisfy 28 U.S.C. § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists could find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Three years later, the Supreme Court clarified this standard by stating that the holding in *Slack* "should not be misconstrued as directing that a ["Certificate of Appealability"] must always issue . . . . Congress confirmed the necessity and the requirement of differential treatment for those appeals deserving of attention from those that plainly do not. It follows that issuance of a ["Certificate of Appealability"] must not be *pro forma* or a matter of course." *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003); *Bradley v. Birkett,* 156 Fed.Appx.771, 773 (6th Cir. 2005).

---

[2]Rule 22(b) states that an applicant cannot appeal a 28 U.S.C. § 2255 decision "unless a circuit justice or a . . . district judge issues a [C]ertificate of [A]ppealability under 28 U.S.C. § 2253(c). If an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a [C]ertificate of [A]ppealability or state why a certificate should not issue." Fed. R. App. P. 22.

Contrary to Scott's contention, the order of December 3, 2007 did not address the merits of his claim. Rather, the Court agreed with McKee's critical comment wherein he asserted that "[i]t is impossible to fully discern from these four pages what exactly [he] is raising as the basis for the relief requested in his motion." In *Slack*, the Supreme Court stated the following:

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a ["Certificate of Appealability"] should issue (and an appeal of the district court's order may be taken) if the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack,* 529 U.S. at 478.

Relying upon *Slack*, the Court does not believe that "jurists of reason" would find it debatable that Scott has (1) asserted a basis for relief, or (2) fulfilled his obligation under the law to satisfy the minimum standards of compliance with the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of Michigan. His four page motion to amend is virtually impossible to comprehend.

Accordingly, and for the reasons stated above, Scott's application for the issuance of a "Certificate of Appealability" must be, and is, denied.

IT IS SO ORDERED.

Dated: February 22, 2008　　　　　　　　　　　　s/ Julian Abele Cook, Jr.
　　　　Detroit, Michigan　　　　　　　　　　　　JULIAN ABELE COOK, JR.
　　　　　　　　　　　　　　　　　　　　　　　　United States District Court Judge

Certificate of Service

I hereby certify that on February 22, 2008, I electronically filed the foregoing with the Clerk of the Court using the ECF system, and I further certify that I mailed a copy to the non-ECF participant(s).

　　　　　　　　　　　　　　　　　　　　　　　　s/ Kay Alford
　　　　　　　　　　　　　　　　　　　　　　　　Courtroom Deputy Clerk